**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Heather Lynn Dean and Joseph Kasey, Defendants,

Of whom Heather Lynn Dean is the Appellant.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2020-001480

Appeal From Horry County
Ronald R. Norton, Family Court Judge

Unpublished Opinion No. 2021-UP-169
Submitted April 29, 2021 – Filed May 14, 2021

**AFFIRMED**

Heather Vry Scalzo, of Byford & Scalzo, LLC, of
Greenville, for Appellant.

Scarlet Bell Moore, of Greenville, for Respondent.

Michael Julius Schwartz, of Russell B. Long, PA; and
Heather Marie Moore, of Axelrod & Associates, PA, of
Myrtle Beach, for the Guardian ad Litem.

---

**PER CURIAM:** Heather Lynn Dean (Mother) appeals an order terminating her parental rights to Child. On appeal, Mother argues the family court erred in terminating her parental rights based on (1) severe or repetitious harm, (2) willful failure to visit, (3) willful failure to support, and (4) abandonment. Mother also contends no evidence showed termination of parental rights (TPR) was in Child's best interest. We affirm.

On appeal from the family court, this court reviews factual and legal issues de novo. *Simmons v. Simmons*, 392 S.C. 412, 414-15, 709 S.E.2d 666, 667 (2011); *see also Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011). Although this court reviews the family court's findings de novo, we are not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony. *Lewis*, 392 S.C. at 385, 709 S.E.2d at 651-52.

The family court may order TPR upon finding a statutory ground for TPR is met and TPR is in the child's best interest. S.C. Code Ann. § 63-7-2570 (Supp. 2020). The grounds for TPR must be proved by clear and convincing evidence. *S.C. Dep't of Soc. Servs. v. Parker*, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999).

Clear and convincing evidence showed Mother failed to remedy the conditions causing removal.[1] *See* § 63-7-2570(2) (stating a statutory ground for TPR exists when "[t]he child has been removed from the parent . . . and has been out of the home for a period of six months following the adoption of a placement plan by court order . . . and the parent has not remedied the conditions which caused the removal"). Mother was ordered to complete a placement plan in April 2019, which required Mother to: (1) obtain and maintain appropriate housing, (2) submit to an alcohol and drug assessment and follow all recommendations, (3) participate in parenting classes, and (4) submit to random drug screens with any refusal deemed a positive test. Mother's counselor at ParentsCare testified Mother attended only two parenting classes. The Department of Social Services (DSS) liaison at Shoreline Behavioral Health Services stated Mother did not attend any of the services she was referred to. We acknowledge Mother's testimony that she lacked

---

[1] We note Mother did not raise this issue in her brief to this court.

a driver's license and had difficulty obtaining transportation to services; however, DSS offered Mother transportation services until Mother's allegedly aggressive conduct precluded further services.  Importantly, Mother's incarcerations do not excuse her failure to complete her placement plan; Mother was ordered to complete the plan in April 2019 and made no progress towards completing the plan during the time she was not incarcerated.  At the TPR hearing, Mother remained incarcerated, admitted she was still addicted to drugs, and did not have a plan to secure stable housing.  Accordingly, we find clear and convincing evidence showed Mother failed to remedy the conditions causing removal.[2]

Additionally, viewed from Child's perspective, we find TPR was in her best interest.  *See S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000) (providing the best interest of the child is the paramount consideration in TPR cases).  The guardian ad litem (the GAL) reported Child was doing well in her foster placement, receiving counseling, and enjoying school.  Importantly, the precipitating event for this case involved Child's truancy, and it is notable that Child is now not only enrolled in school, but apparently excelling.  The GAL recommended TPR due to Mother's inability to maintain stable housing or make progress on her placement plan.  Considering the GAL's report recommending TPR with Mother's lack of interest in completing her placement plan, we find TPR is in Child's best interest.

**AFFIRMED.**[3]

**LOCKEMY, C.J., and HUFF, and HEWITT, JJ., concur.**

---

[2] Because clear and convincing evidence supports this statutory ground, we decline to address the remaining grounds.  *See S.C. Dep't of Soc. Servs. v. Headden*, 354 S.C. 602, 613, 582 S.E.2d 419, 425 (2003) (declining to address a statutory ground for TPR after concluding clear and convincing evidence supported another statutory ground).

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.